900 F.2d 256
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ricky D. GRAVELY, Defendant-Appellant.
 No. 89-5589.
 United States Court of Appeals, Fourth Circuit.
 Submitted Nov. 30, 1989.
Decided March 9, 1990.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Charles H. Haden, II, Chief District Judge. (CR-88-257).
 Marye L. Wright, Charleston, West Va., for appellant.
 Michael W. Carey, United States Attorney; Hunter P. Smith, Jr., Assistant United States Attorney, Charleston, W.V., for appellee.
 S.D.W.Va.
 AFFIRMED.
 Before K.K. HALL and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Ricky David Gravely was convicted by a jury of conspiracy to distribute cocaine in violation of 21 U.S.C. Sec. 846, and of possession and distribution of cocaine in violation of 21 U.S.C. Sec. 841(a)(1). He appeals his conviction alleging acts of prosecutorial vindictiveness and misconduct. We find his appeal lacking in merit and affirm the district court's judgment.
 
 
 2
 The evidence presented by the government at Gravely's trial was overwhelming. There was extensive testimony from law enforcement officials concerning undercover transactions and Gravely's role in them. One of the coconspirators also testified at length pursuant to a plea agreement he entered just prior to Gravely's trial. Gravely offered little to suggest he was innocent of the charges. The jury convicted him on the three counts in which he was named.
 
 
 3
 Gravely now argues that he was the target of prosecutorial vindictiveness. His claim is quite simple. Sometime after a two count indictment was returned, Gravely and the government discussed the terms of a possible plea agreement. Negotiations proved fruitless and an agreement was never reached. Because he refused to plead guilty, Gravely asserts that the government presented its evidence to a new grand jury in order to multiply the charges against him. The result was a superseding six count indictment which charges Gravely with one additional distribution count. This is the only significant change in the two indictments that affects Gravely. According to Gravely, the government's actions show enough vindictiveness to justify dismissing the superseding indictment and overturning his conviction.
 
 
 4
 Gravely's claim requires at the outset a showing of actual vindictiveness on the part of the government. See United States v. Goodwin, 457 U.S. 368, 380-85 (1982). He has failed to prove any. He insists instead that we assign to the government's actions a presumption of vindictiveness. His argument is misplaced, for no such presumption attaches to the decision by a prosecutor concerning what charges to bring against a defendant after unsuccessful plea negotiations. Bordenkircher v. Hayes, 434 U.S. 357 (1978); see also Goodwin, 457 U.S. at 384. Gravely's attack on the superseding indictment is insufficient.
 
 
 5
 After the government introduced evidence that Gravely and his coconspirator were armed when they set off to buy cocaine on one occasion, Gravely moved for a mistrial. Denial of his motion was not error. Cf. United States v. White, 875 F.2d 427, 433 (4th Cir.1989).
 
 
 6
 Gravely also argues that a plea agreement entered into by one of his coconspirators was improperly emphasized at trial. The coconspirator provided detailed evidence of Gravely's role in the drug conspiracy. Gravely complains that statements made by the prosecutor in his closing argument as well as certain comments and an instruction given by the court all served to cast the plea agreement in too favorable a light. The coconspirator's testimony became too credible as a result.
 
 
 7
 We find in contrast that neither the court nor the prosecutor made any improper reference to the agreement. Our review of the transcript discloses no irregularities. Accordingly, we affirm the judgment of conviction.
 
 AFFIRMED